PEOPLE v. FOSTER

WITNESSES—IMPEACHMENT—PRIOR CONVICTIONS.
A prosecutor can properly question a *res gestae* witness regarding her prior criminal convictions for the purpose of testing her credibility (MCLA § 600.2158).

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 December 15, 1970, at Lansing. (Docket No. 6237.) Decided January 25, 1971.

Robert L. Foster was convicted of larceny in a store. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *James I. Bearinger,* Assistant Prosecuting Attorney, for the people.

*William J. Hayes,* for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and HOFF,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses § 734 *et seq.*

PER CURIAM. Defendant was convicted by a jury for the crime of larceny in a store contrary to MCLA § 750.360 (Stat Ann 1954 Rev § 28.592). Defendant was sentenced to a term of two to four years imprisonment. This Court has granted defendant a delayed appeal.

The defendant, Robert Foster, and Mary Kidd were arrested in a department store by a security officer when Mary Kidd attempted to hide articles of clothing under her dress. Originally charged as a co-defendant, Mary Kidd entered a plea of guilty to the charge on October 26, 1967. At the trial of the defendant, the prosecutor, upon request by defense counsel, called Mary Kidd as a *res gestae* witness. On redirect examination, the prosecutor questioned Mary Kidd concerning a previous criminal conviction.

The sole issue raised on appeal relates to the prosecutor's questioning the witness regarding her prior criminal conviction. Although timely objection was made by the defense counsel, the trial court allowed the prosecutor's questioning. The trial judge did, however, instruct the jury that the witness's prior conviction could be used only for the purpose of testing her credibility.

CL 1948, § 600.2158 (Stat Ann 1962 Rev § 27A-.2158), is dispositive of the issue raised by the defendant. Under the authority of this statute, the prosecutor could properly question Mary Kidd regarding prior criminal convictions. *People* v. *Eldridge* (1969), 17 Mich App 306, 311.

Judgment affirmed.